UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

GENERAL ELECTRIC CO.,
        -Plaintiff


        v.                                    3:06-CV-232 (CFD)


INDEMNITY INSURANCE CO.
OF NORTH AMERICA,
        -Defendant.


RULING AND ORDER ON OPPOSING 26(F) REPORTS

Presently before the court is the required D. Conn. L. Civ. R. 26(f) Report ("26(f) Report"). Because the parties have filed the report the court must now enter a scheduling order pursuant to Fed. R. Civ. P. 16(b) and D. Conn. L. Civ. R. 26(e)(2). However, the parties have not been able to agree upon 1) the number of depositions; 2) the length of depositions; 3) the number of interrogatories; and 4) the deadlines for discovery, dispositive motions and trial readiness. For the reasons set forth herein General Electric Company's deadlines and discovery limitations as set forth in the 26(f) Report **[Dkt. #34]** are **ADOPTED AND SO ORDERED**.

I.    Facts

This is an insurance coverage dispute between the policy holder, General Electric Company ("GE"), and the issuer, Indemnity Insurance Company of North America ("IICNA"). On September 23,

2003 an explosion occurred at GE's ULTEM monomer plant in Mount Vernon, Indiana.  GE filed a claim with IICNA for the losses incurred as a result of the explosion.  IICNA paid GE $57 million in advance payments before disputes arose regarding how much GE was actually owed.  GE claims it is owed a total of $114,579,717, less applicable deductibles and salvage credits.  IICNA disputes this amount and further claims that a portion of the $57 million should be returned as an overpayment on the theory of unjust enrichment.

There are a number of issues that have prompted each party to place decidedly different values on GE's claim.  They are: 1) the pre-explosion condition of the plant; 2) GE's pre-explosion plans to upgrade facilities; 3) the minimum requirements that laws and ordinances place on the reconstruction; and 4) whether GE caused reconstruction delays leading to increased damages.  IICNA contends that these issues are so complex that unusually wide-sweeping discovery is warranted.  GE argues that IICNA is overstating the complexity of the case and therefore requests a much more typical discovery schedule.  The two competing requests are as follows[1]:

| Issue | GE's Plan | IICNA's Plan |
|---|---|---|
| Number of Interrogatories | 25 | 40 |
| Number of Fact Depositions | 15 | 75 |

---

[1]

The 26(f) Report contains other instances where the parties could not agree on scheduling, but those disagreements are directly related to the primary disputed issue which is the length and breadth of discovery.

| | | |
|---|---|---|
| Duration of Fact Depositions | 7 hours | Unlimited |
| Duration of Discovery | 6 months | 18 months |
| Trial Ready Date | 3/20/2007 | 6/1/2008 |

### III.   <u>Discussion</u>

### A.   Number of Depositions

A party may take up to ten depositions without obtaining leave of the court.  Fed. R. Civ. P. 30(a)(2)(A).  The party seeking leave to take more than ten depositions will be granted such leave if the request is consistent with Rule 26(b)(2).  Under Rule 26(b)(2) the court will consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

The number of depositions may also be expanded by joint stipulation.  Fed. R. Civ. P. 30(a)(2).

Rule 30(a)(2) and 26(b)(2) require the party moving unilaterally to expand the number of depositions to provide specific names of the proposed deponents.  <u>Whittingham v. Amherst College</u>, 163 F.R.D. 170, 171 (D. Mass. 1995).  To that same end, courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten

depositions permitted as of right under Rule 30(a)(2)(A) or the number stipulated to by the opposing party.  See Id.; Scanlan v. Potter, No. 1:05-CV-291, 2006 U.S. Dist. LEXIS 29181, at *2 (D. Vt. May 4, 2006).  At the very least, Rule 26(b)(2)'s language contemplates that discovery has begun.  Whittingham, 163 F.R.D. at 171.  The moving party's failure to comply with these prerequisites renders the court unable to grant the requested relief on the record.

A party that has exhausted the allotted depositions and specifically named those additional individuals it wishes to depose must also "make a particularized showing of why the discovery is necessary."  Scanlan, 2006 U.S. Dist LEXIS 29181, at *2 (quoting Archer Daniels Midland Co. v. Aon Risk Services Inc., 187 F.R.D. 578, 586 (D. Minn. 1999).  Further, the moving party must not only justify those depositions it wishes to take, but also the depositions it has already taken.  Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482 (N.D. Tex. 2001).  If the court were to look only at the justification for the additional depositions, "a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to those that she could not justify under the Rule 26(b)(2) standards, and then seek[] leave to exceed the limit in order to take depositions that she could substantiate."  Id. at 483.

Moving now to the present case, the court finds that it is

-4-

premature to consider granting leave to take such an extraordinarily large number of depositions. Discovery has not even commenced and IICNA has certainly not exhausted its allotted depositions. Further, IICNA has not listed with specificity those individuals it wishes to depose.[2] In short, at the present time the court will not permit 75 depositions. Because GE has agreed thereto, however, the limit on the number of depositions is increased to 15. This ruling does not prohibit either party from moving to expand the number of depositions at a future point in this litigation. However, if either party so moves it must provide the court with the requisite information discussed herein.

**B.    Length of the Depositions**

Depositions are presumptively limited to one day and must be completed within seven hours. Fed. R. Civ. P. 30(d)(2). The parties may extend the limit by stipulation. Id. If after good faith negotiation the parties cannot agree to an extension of time a party may unilaterally move for an extension which the court is obligated to grant if the motion is "consistent with Rule 26(b)(2)" and the extension is "needed for a fair examination of the deponent." Id.

Like the number of depositions, courts have viewed Rule 26(b)(2) as containing an exhaustion requirement with regard to

---

[2] They have, however, provided the court with specific classes of individuals they may need to depose.

moving for leave to extend a deposition.  <u>Moore v. CVS Corp.</u>, No. 7:04cv054, 2005 U.S. Dist. LEXIS 3798, at *4-12 (W.D. Va. Mar. 11, 2005); <u>Malec v. Trs. of Boston Coll.</u>, 208 F.R.D. 23, 23 (D. Mass. 2002).   The court in <u>Malec</u> outlined what it thought the best procedure was to follow in these cases:

> [T]he better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period.  If the parties cannot reach a stipulation, then Court intervention may be sought.

208 F.R.D. at 23.

This court finds that <u>Malec</u> does outline the better procedure. GE and IICNA will go forward with up to fifteen depositions each. If either party believes, after the seven hours has passed, that additional time is needed they should discuss the possibility of extension with opposing counsel.  The parties have an affirmative obligation to make a good faith effort to come to an agreement on a reasonable extension.  D. Conn. L. Civ. R. 37(2).  If the parties cannot agree, the party desiring to extend the deposition may so move.  In doing so the moving party must present the court with information specific to the deposition sought to be extended which would allow the court to undertake a Rule 26(b)(2) analysis. Further, the moving party should specifically state how much more time is required.

**C.   Number of Interrogatories**

A party may, as of right, serve up to twenty five interrogatories on the opposing party. Fed. R. Civ. P. 33(a). The number of interrogatories may be expanded by joint stipulation or court order. Id. A party seeking leave to serve more than twenty five interrogatories must demonstrate specifically why each one of the proposed additional interrogatories is necessary. Duncan v. Paragon Publ'g Inc., 204 F.R.D. 127, 128 (S.D. Ind. 2001). Courts generally require the parties to exhaust the twenty five interrogatories before entertaining a motion to serve more. Id. at 129 (citing similar cases).

Again, the court finds that the best procedure in this case is to allow each party to serve up to twenty five interrogatories before moving to serve more. If a party finds that more interrogatories are necessary it is free to so move, but must make a particularized showing for each additional proposed interrogatory.

**D.   Scheduling Order**

Based on the above, the court finds that the proposed dates set forth in GE's 26(f) Report are more appropriate and reasonable than those set forth in IICNA's version. The following scheduling order shall issue:

**Scope of Discovery**

•     Number of Depositions:          15

•     Length of Depositions:          7 hours

•     Number of Interrogatories:    25

**Discovery Deadlines**[3]

•     Discovery Concludes:            11/16/2006

•     Dispositive Motions Filed:     1/31/2007

•     Joint-Trial Memorandum Due:    3/30/2007

•     Trial Ready Date:               3/30/2007

## IV.    <u>Conclusion</u>

Based on the discussion herein plaintiff's 26(f) Report **[Dkt. #34]** is **ADOPTED AND SO ORDERED.**

This is not a recommended ruling.  This is a discovery ruling and order reviewable pursuant to the "clearly erroneous" standard of review.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), (e) and 72(a); and Rule 2 of the Local Rules for U.S. Magistrate Judges.  As such, it is an order of the court.  <u>See</u> 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same).

---

[3]
    All other intermediate deadlines such as disclosure of experts and completion of fact depositions will proceed in accordance with GE's 26(f) Report.

IT IS SO ORDERED.

    Dated at Hartford, Connecticut this 25th day of May, 2006.


                /s/ Thomas P. Smith
                Thomas P. Smith
                United States Magistrate Judge